| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

MARK BRIGGS, §
       Movant, §
§
*versus* § CIVIL ACTION NO. 1:12-CV-224
§
UNITED STATES OF AMERICA, §
       Respondent. §

**MEMORANDUM ORDER OVERRULING MOVANT'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Movant Mark Briggs, an inmate at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, brought this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends the motion be dismissed.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings and all available evidence. Movant filed objections to the magistrate judge's Report and Recommendation.[1] This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes Movant's objections are without merit. Movant argues this court lacked jurisdiction to convict him. Movant's contention, however, is without merit. This court had full jurisdiction to hear and determine the charges filed against Movant. Further, to the extent Movant argues the gatekeeping provisions implemented by the Antiterrorism and Effective Death Penalty Act ("AEDPA") are unconstitutional, Movant's arguments should be denied. *See Turner v. Johnson*, 177 F.3d 390, 392-93 (5th Cir. 1999)

---

[1] Movant filed two motions to amend his motion to vacate following the Report being entered. Movant's motions to amend are granted, and the amendments have been considered in this Memorandum. Interpreted liberally, Movant's amendments are also construed as objections to the Report.

(application of the one-year limitations period does not violate the Suspension Clause); *United States v. Flores*, 135 F.3d 1000, 1004-05 (5th Cir. 1998) (application of the one-year statute of limitations does not amount to a violation of the *Ex Post Facto* Clause). Accordingly, Movant's objections should be overruled.

Additionally, the movant is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying a motion under section 2255 may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, the movant has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by the movant are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, the movant has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Accordingly, a certificate of appealability shall not be issued.

**ORDER**

For the reasons set forth above, Movant's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 8th day of September, 2015.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE